Stark Appeals to certify. Overruled. Dock. 11-17-26, 4 Abs. 790.

20177—Constance Peterson v. Wilfred P. Arms. Motion for Mahoning Appeals to certify. Overruled. Dock. 11-19-26, 4 Abs. 790.

20179—Otis Davidson v. The City of Columbus, Ohio. Motion for Franklin Appeals to certify. Overruled. Dock. 11-20-26, 4 Abs. 790.

20181—The M. J. Rose Co. v. Elmer P. Ross. Motion for Summit Appeals to certify. Overruled. Dock. 11-22-26, 4 Abs. 791; OA. 4 Abs. 812.

20187—Marcellus DeVaughn v. Shields Cutter Co. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 11-24-26, 4 Abs. 805.

20188—Ben Konigsberg v. The Lamports Co. Motion for Cuyahoga Appeals to certify. Allowed. Dock. 11-24-26, 4 Abs. 805.

20190—Agnes Jankowski v. Lawrence Zeminski et al. Motion for Lucas Appeals to certify. Overruled. Dock. 11-24-26, 4 Abs. 805.

20199—Morgas Breem v. State of Ohio. Motion for Muskingum Appeals to certify. Overruled. Dock. 11-30-26, 4 Abs. 806.

20204—State of Ohio v. The Pennsylvania R. R. Co. otion for Noble Appeals to certify. Overruled. Dock. 12-4-26, 4 Abs. 833.

20207—Nick Lica v. State of Ohio. Motion for Stark Appeals to certify. Overruled. Dock. 12-7-26, 4 Abs. 833.

20211—Harley Pence v. State of Ohio. Motion for leave to file petition in error to Franklin Appeals. Overruled. Dock. 12-14-26, 4 Abs. 833.

## SYLLABI
### No. 13

No. 19660—The Cleveland Railway Co. v. A. Denison Williams. Error to the Court of Appeals of Cuyahoga County Ohio.

677. JUDGMENT—Judgment in personal injury case bears interest from date of rendition and not from first day of term.

MATTHIAS, J.

A judgment for damages in an action for personal injuries bears interest from the date of its rendition and not from the first day of the term. Judgment reversed, and judgment for plaintiff in error.

Marshall, CJ., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.

### No. 14

No. 19794—Lulu U. Rarey v. Beatrice Schmidt. Error to the Court of Appeals of Hardin County.

686. JUVENILE COURT—Where minor has no legal guardian appointed by judicial order, other than a parent, juvenile court has no jurisdiction to declare such minor a dependent until service is had upon the parent.

769. MINORS—Where custody of a minor child has been awarded to a stranger by order of Juvenile Court without service upon the parent, the person having such custody by operation of law does not have the power to consent to adoption of such child by any one.

ROBINSON, J.

1. The words "other person having the custody of such child", as used in Section 1648, General Code, contemplate and mean a person having the custody created by operation of law or awarded to such person by judicial order, judgment or decree.

2. Where a minor child has neither legal guardian nor a custodian created by operation of law or by judicial order, judgment or decree, other than a parent, and the residence of such parent is known, service, actual or constructive, must be had upon such parent before a juvenile court has jurisdiction to declare such child a dependent child.

3. An order of a juvenile court declaring a minor child to be a dependent child and awarding its custody to a stranger, obtained without service upon the parent, the guardian or a person having the custody of such child by operation of law or awarded by a judicial order, judgment or decree, confers upon such stranger no power to consent to the adoption of such child by any one.

Judgment affirmed.

Jones, Matthias, Day, Allen and Kinkade, JJ., concur.

### No. 15

No. 19873—The New York Central Railroad Co., v. Public Utilities Commission.

No. 19866—Erie Railroad Co., and Chicago & Erie Railroad Co., v. Public Utilities Commission.

No. 19868—The Hocking Valley Railway Co., v. Public Utilities Commission.

No. 19875—The Pennsylvania Railroad., v. Public Utilities Commission.

No. 19876—The Baltimore & Ohio Railroad Co., v. Public Utilities Commission.

No. 20007—The Pennsylvania Railroad Co., v. Public Utilities Commission.

No. 20008—The Pennsylvania Railroad Co., v. Public Utilities Commission.

No. 19867—The Hocking Valley Railroad Co., v. Public Utilities Commission.

No. 19872—The New York Central Railroad Co., v. Public Utilities Commission.

No. 19877—The Baltimore & Ohio Railroad Co., v. Public Utilities Commission. Error to the Public Utilities Commission.

973. PUBLIC UTILITIES COMMISSION—Statutes relating to public motor transportation and conferring jurisdiction upon Commission to regulate same have equal application to both motor and freight transportation.

MARSHALL, C. J.

1. All statutes relating to public motor transportation service upon the highways of the state and conferring jurisdiction upon the public utilities commission to regulate the same have equal application to both passenger and freight transportation.

2. An irregular route described in section 614-84 General Code, may not be granted in such general terms as to embrace all the streets and highways of the state, unless the public utilities commission shall find upon evidence adduced that there is a need for such transportation in all parts of the state and unless the commission shall further find upon evidence adduced that the applicant has facilities to adequately supply such need, and an order granting the same shall be so limited and safeguarded as not to unreasonably conflict with regular and irregular routes for freight motor transportation theretofore established. Lake Shore Elec. Ry. v. P. U. C., No. 19509, approved and followed.

Orders reversed in causes Nos. 19873, 19866, 19868, 19875, 19876, 20007 and 20008.

Orders affirmed in causes Nos. 19867, 19872 and 19877.

Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.